UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| LYLE BERNIER,<br><br>    Plaintiff,<br><br>vs.<br><br>AROOSTOOK COUNTY JAIL, et al.,<br><br>    Defendant | Civil No. 20-303-JAW |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES
AND DEMAND FOR JURY TRIAL (AROOSTOOK COUNTY JAIL)**

Defendant Aroostook County Jail, by and through counsel, hereby responds to the Plaintiff's Complaint as follows:

I.   The Parties to This Complaint

   A.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

   B.   The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

II.   Basis for Jurisdiction

   A.   The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

   B.   The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

      C.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

      D.      The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

III.     Prisoner Status

The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

IV.     Statement of Claim

      A.      The Defendant denies the allegations contained in this paragraph of Plaintiff's Complaint.

      B.      To the extent this paragraph makes factual assertions against this Defendant, they are denied. The remaining allegations contained in the introductory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

      C.      To the extent this paragraph makes factual assertions against this Defendant, they are denied. The remaining allegations contained in the introductory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.

Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    D.    The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

V.    Injuries

The Defendant denies the premise of the allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the allegations contained in this paragraph of Plaintiff's Complaint.

VI.    Relief

The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

VII.    Exhaustion of Administrative Remedies

The allegations contained in the conclusory paragraph of the Plaintiff's Complaint constitute assertions of law to which no response is required.  Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    A.    The Defendant denies the premise of the allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the allegations contained in this paragraph of Plaintiff's Complaint.

    B.    The Defendant admits that the Aroostook County Jail had procedures for inmate grievances. The Defendant denies the premise of the remaining allegations contained in this

paragraph of Plaintiff's Complaint and, therefore, denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

      C.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

      D.      The Defendant admits that the Plaintiff has files a variety of grievance forms. The Defendant denies the premise of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

      E.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

      1.      The Defendant admits that the Plaintiff has files a variety of grievance forms. The Defendant denies the premise of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

      2.      The Defendant admits that the Plaintiff has files a variety of grievance forms. The Defendant denies the premise of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the remaining allegations contained in this paragraph of Plaintiff's Complaint.

      3.      The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

      4.      The Defendant denies the premise of the allegations contained in this paragraph of Plaintiff's Complaint and, therefore, denies the allegations contained in this paragraph of Plaintiff's Complaint.

    F.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    1.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    2.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    G.    To the extent this paragraph makes factual assertions against this Defendant, they are denied. The Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

VIII.    Previous Lawsuits

The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    A.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    B.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    C.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

    D.    The Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, denies same.

IX.    Certification/Closing

The allegations contained in the conclusory section of the Plaintiff's Complaint – including all subparts in this section – constitute assertions of law to which no response is required. Alternatively, the Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this section of Plaintiff's Complaint and, accordingly, denies same.

## AFFIRMATIVE DEFENSES

1. The Defendant has at all times acted in good faith and without knowledge that its conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

2. The Defendant's conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

3. No reasonable person would have known that the Defendant's conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S. § 8107.

5. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S. §§ 8103, 8104-B, and 8111.

6. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is capped by the limitations on damages set forth in the Maine Tort Claims Act.

7. The Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

8. To the extent that the Plaintiff's Complaint seeks to impose liability on the Defendant in its representative capacity, the Complaint fails to state a claim upon which relief may be granted.

9. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

10. The Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

11. The Plaintiff's claims are barred for the reason that the Defendant is not liable under a theory of *respondeat superior* for the actions of its agents or employees.

12. The Plaintiff's claims are barred for the reason that Plaintiff has failed to identify an official policy, custom or practice which has been adopted by the Defendant that was the moving force behind the alleged violations.

13. The Plaintiff's claims are barred for the reason that the Defendant's actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

14. The Plaintiff's claims are barred for the reason that the allegations in the Complaint refer to conduct that is not actionable under 42 U.S.C. § 1983.

15. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

16. The Plaintiff's claims are barred, in whole or in part, by the doctrine of qualified immunity.

17. To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

18. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

19. The Plaintiff's Complaint, in whole or in part, fails to state justiciable claims.

20. The Defendant reserves the right to demonstrate that the Plaintiff has failed to mitigate his damages.

21. The Plaintiff's claims are barred, in whole or in part, by the failure to exhaust available administrative remedies.

22. The Plaintiff's claims are barred by provisions of the Prison Litigation Reform Act, including but not limited to 42 U.S.C. § 1997e(a) and/or 42 U.S.C. § 1997e(e).

23. The Plaintiff's claims are barred, in whole or in part, by the failure to name a person or entity that is subject to suit.

24. The Defendant reserves the right to demonstrate that the Plaintiff's claims are barred, in whole or in part, because any burden on the Plaintiff's religious exercise was justified by a compelling governmental interest and was the least restrictive means of furthering that interest.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendant requests a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendant Aroostook County Jail demands judgment in its favor with regard to all claims of the Plaintiff's Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 19th day of January, 2020.

        Attorneys for Defendant Aroostook County Jail
        MONAGHAN LEAHY, LLP
        95 Exchange Street, P.O. Box 7046
        Portland, ME 04112-7046
        (207) 774-3906
        jwall@monaghanleahy.com

BY:    /s/ John J. Wall, III
        John J. Wall, III

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2021, I electronically filed **Answer to Complaint and Affirmative Defenses and Demand for Jury Trial (Aroostook County Jail)** using the CM/ECF system.  In addition, I hereby certify that I have served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

      Lyle Bernier
      #10498
      Aroostook County Jail
      15 Broadway
      Houlton, ME 04730

Dated at Portland, Maine this 19th day of January, 2015.

                      Attorneys for Defendant Aroostook County Jail
                      MONAGHAN LEAHY, LLP
                      95 Exchange Street, P.O. Box 7046
                      Portland, ME 04112-7046
                      (207) 774-3906
                      jwall@monaghanleahy.com

      BY:    /s/ John J. Wall, III
                    John J. Wall, III